UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRAE WRIGHT, SR.,　　　　　　　　　　　　　No. 2:08-CV-2036 RCF
　　　　Plaintiff,

　　　　v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

　　　　Defendants.

---

**ORDER**

Plaintiff Andrae Wright is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Mr. Wright has submitted a declaration that substantially complies with the requirements of 28 U.S.C. § 1915(a). *See* Docket No. 3. Accordingly, his request to proceed in forma pauperis is granted.

Mr. Wright is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). No initial partial filing fee will be assessed by this order.[1] 28 U.S.C. § 1915(b)(1). Going forward, Mr. Wright will be obligated for monthly payments of 20 percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must "review, before docketing . . . or . . . as soon as

---

[1] Mr. Wright's trust fund account statement shows that, in the six-month period preceding the filing of his complaint, no deposits were made into his prison trust fund account and the account at all times had a zero or negative balance. *See* Docket No. 3.

1

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether Mr. Wright's complaint states a cognizable claim for relief with respect to each named defendant.

The Court has reviewed Mr. Wright's complaint and determined that it states cognizable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Advincula and Bortolamedi. According to the complaint, on March 30, 2008, Officer Bortolamedi conducted a clothing search of Mr. Wright, who proceeded to his cell once the search was completed. While Mr. Wright was en route to his cell, the complaint alleges, Officer Advincula stopped him, placed him in handcuffs and threw him onto the pavement, face down. Then, according to the complaint, Officer Bortolamedi began punching Mr. Wright in the ribs as Officer Advicula pushed his face into the pavement and choked him. The complaint further alleges that Mr. Wright sustained injuries to his head, face, wrist, legs and knees from this encounter. These allegations are sufficient to state a cognizable claim against Officers Advincula and Bortolamedi. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (holding an Eight Amendment excessive force claim requires the prisoner to show more than a *"de minimus* use[] of physical force"); *Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that under 42 U.S.C. § 1997e(e), a prisoner may pursue an excessive force claim in federal court by showing that the force resulted in more than a "*de minimis* physical injury").

Mr. Wright's complaint does not, however, appear to state a cognizable claim against Warden James Walker. In order to make out a constitutional claim against a defendant, the allegations in a complaint must show both how the defendant violated the plaintiff's constitutional rights and describe the connection or link between the defendant's action and the

plaintiff's injuries. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004). Mr. Wright's complaint does not contain any allegations describing Warden Walker's conduct, and "[g]enerally, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). Therefore, Mr. Wright's complaint is dismissed as to the claims against Warden Walker, without prejudice to Mr. Wright filing an amended complaint within 30 days of this order that states cognizable claims against that defendant.

Mr. Wright's complaint also names the California Department of Corrections as a defendant. The California Department of Corrections is not, however, a "person" within the meaning of the 42 U.S.C § 1983, and is immune from suit under the Eleventh Amendment. *See Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993). Accordingly, Mr. Wright's claims against the California Department of Corrections are dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, for the reasons above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. No initial partial filing fee will be assessed. The Director of the California Department of Corrections or his designee, however, shall collect payments from plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. Service is appropriate for the following defendants:

    a. Officer Advincula

    b. Officer Bortolamedi

3

1         4. The Clerk of the Court shall send plaintiff two (2) USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed August 29, 2008.

        5. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

            a. The completed Notice of Submission of Documents;

            b. One completed summons;

            c. One completed USM-285 form for each defendant listed in number 3 above; and

            d. Three (3) copies of the endorsed complaint filed August 29, 2008.

        6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

        7. Plaintiff's complaint is DISMISSED without prejudice as to Defendant Walker. Plaintiff is granted 30 days from the date of this order to file an amended complaint asserting cognizable claims for relief against that defendant.

        8. Plaintiff's complaint is DISMISSED with prejudice as to defendant California Department of Corrections.

DATED: March 18, 2009

                                /s/ Raymond C. Fisher
                                Raymond C. Fisher,
                                United States Circuit Judge
                                Sitting by Designation

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | IN THE UNITED STATES DISTRICT COURT                                                  |
| 2  | FOR THE EASTERN DISTRICT OF CALIFORNIA                                               |
| 3  | ANDRAE WRIGHT, SR.,                                                                  |
| 4  |   Plaintiff,      No. 2:08-CV-2068 RCF       |
| 5  |  vs.                                                                            |
| 6  | JAMES WALKER, et al.,    <u>NOTICE OF SUBMISSION</u>             |
| 7  |   Defendants.     <u>OF DOCUMENTS</u>             |
| 8  | _____/                                                     |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

  \_\_\_\_\_  completed summons form

  \_\_\_\_\_  completed USM-285 forms

  \_\_\_\_\_  copies of the _____
        Complaint/Amended Complaint

DATED:

                _____
                Plaintiff