UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRAE WRIGHT, SR.,
    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. 2:08-CV-2036 RCF

ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

## ORDER

Plaintiff Andrae Wright brought this action under 42 U.S.C. § 1983 based on allegations that Defendants Advincula and Bortolamedi used excessive force when Wright was incarcerated at California State Prison Sacramento (SAC). Defendants move to dismiss on the basis that Wright did not exhaust prison administrative remedies before filing this lawsuit. (CR 29-30, 32.) Wright opposes the motion. (CR 31.) Also before the Court is Wright's motion to appoint counsel. (CR 26.) For the reasons that follow, defendants' motion to dismiss is granted and Wright's motion to appoint counsel is denied as moot.

**Facts and Procedural History**

Wright filed this lawsuit on August 29, 2008. (CR 1.) Wright alleged that on March 30, 2008, Advincula and Bortolamedi battered him after he had already submitted to handcuffs. (Compl. at 3, § IV.) As a result, Wright allegedly sustained injuries to his head, wrists and knees. (*Id.* at 4.)

On or about April 6, 2008, Wright filed an inmate grievance concerning the March 30, 2008 incident (Log No. 08-0869). (Compl. 29-30; Pereira Decl. ¶ 3, Ex. B.) Wright appealed the grievance to the Director's level, the third and final formal level of review in the California Department of Corrections and Rehabilitation's (CDCR) administrative process. Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5. The Inmate Appeals Branch (IAB) issued its Director's level

decision on January 2, 2009, four months after Wright commenced this action. (Grannis Decl. ¶ 3, Ex. A.)

### Motion to Dismiss

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires exhaustion before the filing of a complaint; a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Here, Wright did not exhaust the administrative process before filing this lawsuit. Accordingly, the Court is required to dismiss the action without prejudice. *See id.* at 1200.

Wright contends he should be deemed to have exhausted because prison administrators failed to comply with administrative time limits for handling inmate appeals. *See* Cal. Code Regs. tit. 15, § 3084.6(b) (describing time limits). "Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005). In this case, however, there are no facts suggesting that Wright was prejudiced by the time it took administrators to process his appeal. *See id.*; *see also Booth v. Churner*, 532 U.S. 731, 739 (2001) (administrative remedies need not be "plain, speedy, and effective"). The Court therefore rejects his contention.

Wright's assertion that he need not exhaust because the administrative appeal process does not permit an award of monetary damages is also without merit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").

Wright's opposition refers to a right of "due process" under "federal Pen. Code Sec. 2600." This presumably is a reference to section 2600 of the California Penal Code, which states that "[a] person sentenced to imprisonment in a state prison may during that period of confinement be deprived of such rights, and only such rights, as is reasonably related to

legitimate penological interests." Wright does not explain how his due process rights or rights protected under section 2600 have been violated. Accordingly, the Court rejects his contention.

**Motion to Appoint Counsel**

Because the Court must dismiss Wright's suit for failure to exhaust administrative remedies, Wright's motion to appoint counsel (CR 26) is moot. It is therefore denied.

**Conclusion**

Wright failed to exhaust administrative remedies *prior* to filing suit. The Court must therefore dismiss his suit without prejudice to his filing a new complaint now that he has fully exhausted prison remedies. The Court expresses no opinion as to the merits of his claims or defenses that may be raised.

For these reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (CR 30) is GRANTED.

2. Plaintiff's Motion to Appoint Counsel (CR 26) is DENIED as moot.

3. The Clerk of Court shall close these motions.

4. Plaintiff's claims are dismissed without prejudice.

5. The Clerk of Court shall enter judgment accordingly.

DATED: December 2, 2009

                                     /s/ Raymond C. Fisher
                                     Raymond C. Fisher,
                                     United States Circuit Judge
                                     Sitting by Designation